## SHANK v. WAGGONER *et al., Appellants.*

**Practice :** DEED : PRESUMPTION : COTEMPORANEOUS AGREEMENT. An instruction, which declares that a deed absolute on its face is *prima-facie* or presumptive evidence of a sale, but fails to state the rebutting presumption arising from the execution of a cotemporaneous agreement between the parties showing that the sale is dependent upon a contingency, is erroneous. (Affirming *Gwin v. Waggoner, ante,* p. 315.)

*Appeal from Jackson Circuit Court.* — HON. T. A. GILL, Judge.

REVERSED AND REMANDED.

*Karnes & Krauthoff* and *Gates & Wallace* for appellants.

*C. O. Tichenor* and *A. Comingo* for respondent.

RAY, C. J.—This is a similar action concerning the same mining property involved in the case of *Gwin v. Waggoner, ante* p. 315. Plaintiff Shank was one of the

original co-owners of said mine with said Gwin, and the two cases are the same as to pleadings and evidence, and also as to the instructions except hereinafter noticed, the exceptions taken upon the trial are the same, except as to the alleged misconduct of the jury in the former case, and the cases are otherwise submitted upon substantially the same abstracts, brief and arguments by the same counsel.

The second instruction given for plaintiff in this case is as follows:

"2. You are further instructed that defendants deny that they purchased the interest of the plaintiff and the other original owners of the property described in the petition, and maintain that they acted as agents for said owners in their dealings with said original owners with reference to said property. You are further instructed that the burden of showing that in the various transactions concerning or relating to the transfers of said property, they so acted, that is, that they acted as agents of said original owners, rests on the defendants, and it devolves on them to show this by a preponderance of evidence. And you are further instructed that the deeds executed by said original owners, and read in evidence at the trial, are *prima-facie* or presumptive evidence that said transaction was a sale. If, however, you should believe from the evidence, that when said deeds were executed, it was then and there further agreed between said Waggoner and Gates, and such original owners, that such transfer by said deeds was only for convenience in effecting a sale and conveyance to other parties, as set out in instructions given for the defendants, numbered 3 and 4, and that Waggoner and Gates should be bound only to the extent of the money they should receive from such other parties, then Waggoner and Gates, or said Knox, were not the purchasers of said mining property, nor should be charged as such."

It will be observed that the above instruction is the same as the one disapproved in the case of *Gwin v. Waggoner, supra*, with the addition thereto beginning with the words "if however," etc., so that it will only be necessary to inquire how far, if at all, this addition cures the said error condemned in the former case. This said addition does not, we think, cure the vice of said preceding paragraph in said instruction, inasmuch as it does not give the defendants the benefit of the rebutting presumption created by the cotemporaneous agreement, as against said presumption created by said deed. The instruction construes and gives the legal effect of said deed, but does not so treat the said cotemporaneous agreement. The said addition, in itself, perhaps, presents the question in that behalf, with substantial propriety, and, if unaffected by the preceding paragraph, would have left the jury at liberty to consider both instruments, the deed as well as the cotemporaneous agreement, and all the facts and circumstances in evidence in that connection. The case is controlled by the said decision, in the case of *Gwin v. Waggoner, supra*, and the discussion there had need not be repeated.

The judgment herein is, therefore, reversed and cause remanded. BLACK and BRACE, JJ., concur; SHERWOOD, J., dissents; BARCLAY, J., not sitting.